# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JON C. BANTY,**

    **Plaintiff,**

**v.**

                Case No. 09-C-0963

**DINGS CO. MAGNETIC GROUP,**

    **Defendant.**

## DECISION AND ORDER

    This Title VII employment discrimination action is before the Court on the motion of the Defendant, Dings Co. Magnetic Group ("Dings"), for sanctions including dismissal, and its alternative motions to compel, for an extension of the discovery deadline as to Dings only, and for sanctions. The motion is based on the failure of pro se Plaintiff, Jon C. Banty ("Banty") to appear at his deposition on September 23, 2010. Also pending is Banty's request for assistance or guidance in obtaining counsel.

### Dings' Motions

    The following factual predicate for Dings' motion for sanctions and its alternative motions is based on the declaration of Jason A. Kunschke, counsel for Dings ("counsel"), filed on September 24, 2010. Dings sent Banty a notice of deposition on September 10, 2010, noticing his deposition for September 23, 2010, at 10:00 a.m. at the

downtown Milwaukee offices of counsel. The notice was not returned as undeliverable. Banty did not contact counsel until 9:02 a.m. on September 23, 2010, when Banty left a message acknowledging the scheduled deposition and requesting that counsel call him. Counsel telephoned Banty and responded "yes" to Banty's inquiry as to whether he had to be punctual. Although Banty stated that he would need to get downtown, would have to pay for parking, and could not afford "this," Banty said that he would be at the deposition.

However, Banty did not appear. Instead, at 10:08 a.m., Banty left a second voicemail for counsel, stating that he was at the federal courthouse. Counsel could hear Banty speaking to someone who counsel believes was an employee in the Clerk of Court's Office asking what the deadline is for a deposition, and additional conversation between Banty and that person. At 10:12 a.m., counsel called Banty and spoke to Banty about why he was not at his deposition. Counsel indicated that Banty needed to attend the deposition immediately. Banty said that he would not be attending the deposition and that it would need to be rescheduled. He also denied being at the courthouse earlier that day, stating that he had only telephoned the courthouse.

After that conversation ended, counsel discovered that, at 10:10 a.m., Banty had left a third voicemail message for him. Counsel states that listening to the message he heard the sounds of Banty entering his vehicle with a door opening and a door open warning chime ringing. Banty stated that he had just come from the federal courthouse and then stated that he just got through calling the courthouse. Counsel states that Banty's statement was a blatant lie based on his earlier voicemail that he was at the courthouse. In the message, Banty stated

that "they" did not know what the deadline for the deposition was or what the due date was, and that he was requesting appointment of counsel as the apparent basis for refusing to attend the deposition. At 10:49 a.m., counsel called Banty's cell phone. Banty did not answer his phone. Counsel left a voicemail message directing Banty to contact him to discuss the issues and to immediately reschedule his deposition or he would file a motion. As of the date of counsel's declaration, Banty had not contacted counsel.

Banty did not file a response to Dings' motion. However, in his request regarding counsel, he states that "just recently [he] had to cancel and postpone and try to reschedule a deposition for September 23, 2010," set by Dings.

Pro se litigants must abide by the same rules as those litigants who are represented by counsel. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (pro se litigants are not "excused from compliance with procedural rules"). Dings has established that Banty failed to appear as required for his properly noticed deposition in violation of Federal Rule of Civil Procedure 37(d)(1)(i). Dings has also established that it made a good faith effort to confer with Banty regarding his failure to appear in an effort to resolve the issue without court action.

Based on Banty's violation of his obligation to appear for his deposition, Rule 37(d)(3) provides that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) through (iv), including staying the proceedings until the order is obeyed or dismissal of the action. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). To dismiss a case as a sanction, the Court must find that the party's actions displayed willfulness, bad faith, or fault.

*Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003). *Maynard* holds that willfulness, bad faith or fault must be proved by clear and convincing evidence. *Id*. at 468. However, the court of appeals has raised, but not resolved, the question of whether proof by clear and convincing evidence is required instead of the lesser preponderance of the evidence standard that is the burden of proof for the underlying action. *See Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Ams. LLC*, 516 F.3d 623, 625-26 (7th Cir. 2008).

The "fault" required to sustain a dismissal under Rule 37 refers not to "the non-complying party's subjective motivation," but to the lack of reasonableness "which eventually culminated in the violation." *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (quotations and citation omitted). Once a court makes a finding of willfulness, bad faith or fault, the sanction imposed must be proportionate to the circumstances. *Maynard v. Nygren*, 372 F.3d 890, 892-93 (7th Cir. 2004).

The undisputed facts establish that, at the last minute, Banty failed to appear at his deposition, without excuse. He also was deceptive, fluctuating in his representations as to whether he was at the courthouse or whether he had telephoned the courthouse. Clear and convincing evidence establishes that Banty's actions were willful and in bad faith, as well as demonstrating a lack of reasonableness.

Banty has not presented any circumstances that reasonably excuse his failure to appear at his properly noticed deposition. However, at this juncture, a lesser sanction may be effective to obtain Banty's compliance with his obligation to provide discovery by means of

4

is deposition. Therefore, Dings' motion for sanctions, including dismissal of the action, is denied.

The Court will grant, in part, the alternative relief requested by Dings. Banty must appear for his deposition at the offices of counsel for Dings no later than November 22, 2010. If Banty fails to appear for his deposition the Court will dismiss this action as a discovery sanction. Furthermore, the discovery deadline in this action is extended until January 6, 2011.

Dings also requests that the Court award reasonable expenses incurred in conjunction with its alternative motion to compel. Rule 37(d)(3) of the Federal Rules of Civil Procedure governs the request. Generally, the Rule requires that the Court require the party failing to act to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(d)(3). The parallel language in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in Rule 37 indicates that the term "substantially justified" should be interpreted consistently in both provisions. *See United States v. Kemper Money Market Fund, Inc.*, 781 F.2d 1268, 1279 (7th Cir. 1986) (citing *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 352 n.7 (D.D.C. 1982)). A position taken by a party is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)).

5

Banty's failure to attend his deposition was a blatant and unexcused violation of the deposition notice. His noncompliance with the deposition notice lacks a reasonable factual or legal basis and, therefore, is not substantially justified.

Banty has not presented any reason that would make an award of expenses unjust. Banty was allowed to proceed *in forma pauperis* in this action, and his request for assistance obtaining counsel states that he has filed for bankruptcy. Indigency does not make an award unjust. *See Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520 (D. Md. 1984).

However, the automatic stay provisions of 11 U.S.C. § 362, preclude an award of reasonable expenses against Banty. *See e.g., In re Galmore,* 390 B.R. 901 (Bankr. N.D. Ind. 2008); *Variable-Parameter Fixture Dev. Corp. v. Morpheus*, 945 F.Supp. 603 (S.D.N.Y. 1996); *In re Williams*, 264 B.R. 234 (Bankr. D. Conn. 2001). Therefore, no expenses are awarded.

## Banty's Request Regarding Counsel

Banty has renewed his request for appointment of counsel. Alternatively, he requests assistance obtaining counsel. Banty relies, as he did in his prior motion, on his involvement in other ongoing legal proceedings.

Previously, applying the standard for appointment of counsel as described in *Pruitt v. Mote*, 503 F.3d 647, 653-55 (7th Cir. 2007), the Court found that Banty had made reasonable efforts to obtain counsel, that Banty had managed to represent himself in the action, and that it had insufficient information to evaluate the factual or legal complexity of his

6

claims. The nature or complexity of Banty's claim has not been further disclosed. Therefore, at this juncture, the Court continues to lack an adequate basis to appoint counsel to represent Banty in the litigation of the action. Banty may consider contacting the lawyer referral service of the Milwaukee Lawyers Association, (414) 274-6768, or the State Bar of Wisconsin, (800) 362-9082, for assistance obtaining counsel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Dings' motion for sanctions and its alternative motion to compel Banty's deposition, to extend discovery as to Dings only and for sanctions is (Docket No. 26) **GRANTED** to the extent that Banty **MUST** appear for his deposition at the offices of counsel for Dings no later than **November 22, 2010**, and the deadline for the completion of discovery in this action is extended until **January 6, 2011.**

Banty's failure to appear for his deposition will result in the dismissal of this action as a discovery sanction.

Banty's request for assistance obtaining counsel (Docket No. 32) is **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of October, 2010.

          **BY THE COURT**

          *s/ Rudolph T. Randa*
          **Hon. Rudolph T. Randa**
          **U.S. District Judge**